**George WILLIS et al., Appellants,**

v.

**Ruben DAVIS et al., Appellees.**

Supreme Court of Kentucky.

March 5, 1976.

J. Craig Bradley, Jr., Bradley & Bradley, Georgetown, for appellants.

Richard M. Compton, Richard M. Rawdon, R. Bruce Lankford, Georgetown, for appellees.

JONES, Justice.

The Scott County Fiscal Court awarded Ruben Davis an exclusive franchise for the collection of garbage and solid waste from residential customers in Scott County, Kentucky.

Appellants, Willis, Talbert, Laine and Smarr were solid waste and garbage collectors in particular areas where they chose to collect the solid waste and garbage. They had no contract with the county, but dealt with their customers on an individual basis.

Davis filed suit against Scott County seeking a declaration that, (1) there was a valid grant of an exclusive franchise to him and, (2) Scott County breached the franchise by permitting other solid waste removal operations in the county.

The case was tried by the court without the intervention of a jury. The trial court's judgment established the validity of an exclusive franchise by Scott County to Davis for the collection of garbage and solid waste from residential customers in Scott County, Kentucky. The same judgment invalidated that portion of the franchise which attempted to grant an exclusive franchise for the collection of garbage and solid waste from commercial customers. Willis, Talbert, Laine and Smarr prosecute an appeal from that judgment.[1] They mount a three-pronged attack upon the judgment. They contend that:

(1) the franchise was not advertised as required by § 164 of the Kentucky Constitution;

(2) the franchise is void because the term exceeded twenty years in violation of § 164 of the Kentucky Constitution;

(3) the franchise is void due to a mistake of the parties as to the subject matter of the bid.

Davis answered each of these contentions, and asserted that Willis, Talbert, Laine and Smarr had no standing to contest the validity of the franchise granted by Scott County.

This court is of the opinion that the franchise was not advertised as required by § 164 of the Kentucky Constitution. The exact wording of the "notice of bids" published in the *Georgetown News* on October 12 and 19, 1973, was,

"The Scott County Fiscal Court will receive bids for the granting of a franchise for the removal and disposal of garbage and solid waste material, said bids to be opened by the clerk of the court at 1:30 P.M., October 19, 1973.

The said bids shall be upon a percentage of gross income and shall include the rate to be charged for each individual customer.

The court reserves the right to reject any and all bids."

S/Virgil F. Pryor

Scott County Attorney

§ 164 of the Kentucky Constitution provides as follows:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. . . . "

An apt description of "due advertisement" as required by § 164 was stated by this court many years ago:

"[1] The purpose of 'due advertisement' provided for is to give information to all who may desire to become purchasers of the franchise, and to enable them to make bids therefor, and to secure the municipalities against the loss of valuable rights for mere paltry considerations. It is to give information to all, who have an interest in the privileges to be sold, of what is proposed to be done, that citizens of a municipality may protect their rights in such matters in any proper way that necessity may create. The sale to the highest and best bidder is to enable the municipality to receive the value of the privilege to be granted away, and to prevent municipal councils from granting valuable rights and privileges to favorites

---

1. Scott County did not perfect an appeal. Although Earl B. Hutchins, Robert Gregory, Russell Sowers, Dorothy Wilson and Ann Young were intervening defendants in the trial court, they did not perfect an appeal.

without any sufficient consideration. It follows, as a natural sequence, *that the only thing which can be lawfully sold is the thing which has been advertised for sale.*" (Emphasis added). *City of Princeton et al. v. Princeton Electric Light and Power Company,* 166 Ky. 730, 179 S.W. 1074 (1915).

To further complicate matters involved in this dispute, Davis and Scott County, on December 1, 1973, executed an agreement for a franchise to permit Davis to collect garbage on a county-wide basis. The agreement contained a residential collection rate only and provided that no other solid waste removal operations were to be allowed in Scott County, Kentucky. The December 1, 1973 agreement was amended on February 9, 1974. That amendment referred to the franchise as an exclusive franchise in unincorporated Scott County. An order of the Scott County Fiscal Court dated the same day provided that Ruben Davis would be the exclusive contractor for the removal of residential and commercial wastes in unincorporated Scott County, Kentucky. It is interesting to note that Davis testified that his bid did not include the collection of commercial wastes. With the confusion concerning the notice, the agreement of December 1, 1973, and the amendment of February 9, 1974, it is difficult for this court to understand what Scott County intended.

■ In the notice for bids published by Scott County no mention was made that an exclusive franchise would be awarded to any person. If Scott County desired to establish an orderly system of garbage collection and disposal, and provide for a franchise for such operator, it was required to make the notice conform to the requirements of "due advertisement" as required by § 164 of the Kentucky Constitution. The failure to publish such notice, coupled with the other irregularities contained in the December 1, 1973 agreement and the amendment dated February 9, 1974, convinces this court that the franchise is void for lack of due advertisement.

■ There is no merit in the contention by Davis that Willis, Talbert, Laine and Smarr have no standing to contest the validity of the franchise. No objection was made to their motion to intervene as defendants. Actually, the trial court permitted them to intervene by agreement of the parties. Davis cannot now complain of their lack of standing.

This court is of the opinion, and so holds, that the franchise granted to Ruben Davis is invalid.

The judgment is reversed.

All concur.